*Reed*, A. G., for the Commonwealth.

---

### COMMONWEALTH *vs.* WINIFRED FEENEY.

If a married woman does a criminal act in her husband's absence, though by his order, her coverture will be no defence.

INDICTMENT for keeping a tenement used for the illegal keeping and sale of intoxicating liquors.

At the trial in the superior court, before *Wilkinson*, J., there was evidence tending to show that the defendant was a married woman whose husband hired the tenement and had carried on the business of selling spirituous liquors there, until his conviction and imprisonment in jail therefor; and that, at the time of his imprisonment, he had liquors on hand which he directed her to sell, and she thereafter took charge of the tenement and made sales therein. The judge ruled that if she made such sales in the absence of her husband she would be liable therefor, notwithstanding such direction of her husband.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*N. Richardson*, (*A. F. L. Norris* with him,) for the defendant

*Reed*, A. G., for the Commonwealth.

GRAY, J. The only exception which has been argued is to the instructions given to the jury. No authority has been cited in its support, and it has no foundation in principle. A wife is not protected from responsibility for crime by her husband's order o.

direction, unless she is within his presence and control, so as to be presumed in law to act by his coercion. *Commonwealth* v. *Bush,* 11 Gray, 437. *Commonwealth* v. *Butler,* 1 Allen, 5, and authorities there cited. This defendant's husband was not only absent, but in prison, and could not control or coerce her.

*Exceptions overruled.*